# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEEN MARQUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>Defendant. | Case No.:  3:21-cv-00451-BEN-KSC<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND TIME FOR DEFENDANT DEPARTMENT STORES NATIONAL BANK TO FILE RESPONSIVE PLEADING**<br><br>**[ECF No. 4]** |

## I.    INTRODUCTION

Plaintiff Aileen Marquez, an individual ("Plaintiff"), brings this action against Defendant Department Stores National Bank ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1778.32 (the "RFDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  ECF No. 1.  Before the Court is the Joint Motion to Extend Defendant's Time to Respond to the Complaint (the "Joint Motion").  ECF No. 4.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II.    BACKGROUND

On March 14, 2021, Plaintiff filed her complaint against Defendant alleging three claims for relief for (1) violations of the RFDCPA; (2) negligent violations of the TCPA; and (3) willful violations of the TCPA.  ECF No. 1.

On March 18, 2021, Plaintiff served Defendant's agent with the summons and complaint, ECF No. 3, meaning Defendant's responsive pleading was due twenty-one days

later, or by April 8, 2021, *see* ECF No. 4 at 2:4-5.  *See also* FED. R. CIV. P. 12(a)(1)(A)(i).
On April 9, 2021, Plaintiff and Defendant filed the Joint Motion.  ECF No. 4.

## III.  LEGAL STANDARD

A defendant must file a responsive pleading within either (1) twenty-one days of
being served with the summons and complaint or (2) sixty days after the request for a
waiver was sent.  FED. R. CIV. P. 12(a)(1)(A)(i).  "Extensions of time for answering, or
moving to dismiss a complaint will only be secured by obtaining the approval of a judicial
officer, who will base the decision on a showing of good case."  S.D. Cal. Civ. R. 12.1.
Thus, "[i]n the Southern District, court approval is required for *any* extension of time to
answer or move to dismiss the complaint."  Phillips, Virginia A., et al., *Rutter Group Prac.
Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV.  DISCUSSION

On April 9, 2021, when Plaintiff and Defendant filed the Joint Motion, Defendant's
responsive pleading was already one day late.  *See* ECF No. 4.  at 2:4-5; *see also* FED. R.
CIV. P. 12(a)(1)(A)(i).  Even though Plaintiff agreed to the extension, court approval is still
required for an extension of time to respond. S.D. Cal. Civ. R. 12.1.  Despite the
untimeliness of the Joint Motion, the Parties advise that they are engaged in settlement
discussions and require additional time to determine whether a settlement is feasible.  ECF
No. 4 at 2:6-8.  The Parties ask the Court to provide Defendant with a thirty-day extension,
making Defendant's responsive pleading due on May 7, 2021.  *Id.* at 3:12-14.

## V.  CONCLUSION

The Court finds that pursuing settlement discussions represents good cause for
extending Defendant's time to respond to the Complaint.  As such, the Court **GRANTS**
the Joint Motion.  Defendant's responsive pleading is due on Friday, May 7, 2021.
Defendant is cautioned to adhere to the deadlines provided in the Federal Rules of Civil
Procedure and Local Rules going forward.

**IT IS SO ORDERED.**

 DATED:    April 9, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

3:21-cv-00451-BEN-KSC