UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEEN MARQUEZ, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>  Defendant. | Case No.: 3:21-cv-00451-BEN-KSC<br><br>**ORDER GRANTING IN PART JOINT MOTION TO STAY AND ARBITRATE CLAIMS**<br><br>**[ECF No. 6]** |

## I. INTRODUCTION

Plaintiff Aileen Marquez, an individual ("Plaintiff"), brings this action against Defendant Department Stores National Bank ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1778.32 (the "RFDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). ECF No. 1.

Before the Court is the Joint Motion to Stay the Case and Arbitrate Claims (the "Joint Motion"). ECF No. 6. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** the Joint Motion.

## II. BACKGROUND

### A. Statement of Facts

In September of 2019, Plaintiff was issued a Macy's Credit Card account, which

was serviced by Defendant. ECF No. 1 at 5,[1] ¶ 23. In December 2020, Plaintiff fell on financial hardship, her Macy's credit card account went into default, and Defendant began attempts to collect upon the account. *Id.* at ¶¶ 23-24. Once Plaintiff's account went into default, Defendant's agents began calling Plaintiff's cell phone, requesting payment through the use of an automated telephone dialing system ("ATDS") and/or recorded voice, sometimes calling 1-2 times per day, almost every single day. ECF No. 1 at 5, ¶¶ 25-26.

In late December of 2020, Plaintiff retained an attorney to represent her with regards to the debts allegedly owed to Defendant, who sent Defendant a Cease-and-Desist letter. ECF No. 1 at 5, ¶¶ 27-28. Despite the letter and a request from her attorney that all communications go through her counsel of record, Defendant continued calling Plaintiff's cell phone. *Id.* at 6, ¶¶ 30-31. Defendant has contacted Plaintiff over 100 times since December 22, 2020. *Id.* at 6, ¶ 36.

### B. Procedural History

On March 14, 2021, Plaintiff filed her complaint against Defendant alleging three claims for relief arising out of (1) violations of the RFDCPA; (2) negligent violations of the TCPA; and (3) willful violations of the TCPA. ECF No. 1.

On March 18, 2021, Plaintiff served Defendant's agent with the summons and complaint, ECF No. 3, meaning Defendant's responsive pleading was due twenty-one days later, or by April 8, 2021, *see* ECF No. 4 at 2:4-5. *See also* FED. R. CIV. P. 12(a)(1)(A)(i). However, on April 9, 2021, the Court granted the parties joint motion to extend Defendant's deadline to respond to the complaint to May 7, 2021. *See* ECF Nos. 4, 5.

On April 14, 2021, the parties filed the instant Joint Motion. ECF No. 6.

### III. LEGAL STANDARD

A court's decision to grant a stay is discretionary, "dependent upon the

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justifying a stay. *Id*. at 433-34; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997). A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

## IV.   DISCUSSION

The Parties seek a Court Order approving the Parties' Joint Motion to Stay Proceedings and submit Plaintiff's claims to binding individual arbitration. ECF No. 6 at 2:1-3. The Parties indicate that the terms and conditions of the credit card agreement at issue contain an arbitration provision requiring the parties to arbitrate their claims through the American Arbitration Association ("AAA") if either party makes a demand to arbitrate. *Id.* at 2:3-7. Defendant has demanded that Plaintiff arbitrate her claims, and the parties have agreed to stipulate to stay this action in its entirety pending the completion of arbitration pursuant to the terms of the arbitration provision contained in the credit card agreement(s) and the rules of the AAA. *Id.* at 2:7-10.

On the one hand, (1) little to no damage will result from the stay, (2) no parties will suffer inequity as a result of the stay, and (3) the orderly course of justice measured in terms of simplifying issues warrants granting the stay. On the other hand, "notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638, 641

(9th Cir. 1988) (affirming the district court's dismissal of one the plaintiff's claims because the parties agreed to submit those claims to arbitration, and no nonarbitrable claims remained in the case); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that the district properly dismissed the claims based "[a]lthough the Federal Arbitration Act 'provides for a stay pending compliance with a contractual arbitration clause . . . a request for a stay is not mandatory'"); *Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015, 1020-21 (E.D. Cal. 2018) (holding that "because both claims are to be arbitrated, the Court dismisses Plaintiff's claims in favor of arbitration"); *Olsavsky v. Prestige Healthcare*, No. 4:14CV510, 2014 WL 1333670, at *2 (N.D. Ohio Apr. 1, 2014) (granting, in part, a joint motion to stay a case pending arbitration but ordering that the case must be dismissed in its entirety because "all of the parties' claims are subject binding arbitration and there is nothing left before this Court except to execute judgment").  Because the Parties indicate all claims will be arbitrated and do not raise any non-arbitrable claims, the Court finds that all claims are subject to binding arbitration, so there is nothing left before this Court to except to execute judgment.  Thus, the Court **DENIES** the Parties' request for a stay, **GRANTS** their request to arbitrate, and dismisses this case *without prejudice*.

## V.     CONCLUSION

For the above reasons, the Court **GRANTS IN PART** the Joint Motion as follows:

1.     The parties shall submit Plaintiff's claims to final and binding arbitration pursuant to the terms of the arbitration agreement referenced in the parties' Joint Motion.

2.     The instant action, and all proceedings herein, are dismissed *without prejudice*.

3.     The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:    April 15, 2021

**HON. ROGER T. BENITEZ**
United States District Judge